IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK
_____

DAVID McCANE,

                                        Plaintiff,

v.                                                              **COMPLAINT**

Correction Officers D. WILKOWSKI, MASUCCI, T. BUNN,
FLINCH, HILLMAN, and Sergeant APPLEBERRY, in their
 individual capacities,

                                        Defendants,

_____

          Plaintiff DAVID McCANE, by his attorneys, Prisoners' Legal Services of New York,

David Bentivegna, of counsel, hereby brings this action under 42 U.S.C. § 1983 to redress his

civil and legal rights, and alleges as follows:

### PRELIMINARY STATEMENT

          1.        This is a civil rights action by a former state prisoner who is currently under post

release supervision, pursuant to 42 U.S.C. § 1983. Plaintiff seeks relief for an unprovoked

and unjustified beating, maliciously inflicted upon him by Defendants on January 13, 2018 at

Gowanda Correctional Facility, in violation of his rights under the Eighth and Fourteenth

Amendments to the United States Constitution. Plaintiff seeks declaratory, compensatory and

punitive damages, an award of costs, attorney's fees, and such other and further relief as this

Court deems just and proper.

### JURISDICTION AND VENUE

2.      Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343(a) (3) and (4), as this action seeks redress for the violation of Plaintiff's constitutional and civil rights.

3.      Venue in this District is proper under 28 U.S.C. § 1391(b) and (c), as the events giving rise to this claim occurred within the boundaries of the Western District of New York.

## PARTIES

4.      Plaintiff DAVID McCANE is a citizen of the United States, presently on Post-Release Supervision which is being overseen by the New York State Department of Corrections and Community Supervision ("DOCCS"), and residing in Syracuse, New York. At all relevant times of the events described herein, Plaintiff was confined at Gowanda Correctional Facility ("Gowanda") in Gowanda, New York.

5.      Defendant D. WILKOSWKI was, at the time of the events mentioned herein, a Correction Officer at Gowanda.

6.      Defendant (First name initial unknown) MASUCCI was, at the time of the events mentioned herein, a Correction Officer at Gowanda.

7.      Defendant (First name initial unknown) FLINCH was, at the time of the events mentioned herein, a Correction Officer at Gowanda.

8.      Defendant (First name initial unknown) HILLMAN was, at the time of the events mentioned herein, a Correction Officer at Gowanda.

9.     Defendant T. BUNN was, at the time of the events mentioned herein, a Correction Officer at Gowanda.

10.     Defendant (First name initial unknown) APPLEBERRY was, at the time of the events mentioned herein, a Correction Sergeant at Gowanda.

11.     On information and belief, at all times relevant to the events described herein, Defendants were employed by, and acting under the color of law of, the State of New York.

## STATEMENT OF FACTS

12.     On January 13, 2018 Plaintiff David McCane was incarcerated at Gowanda in the custody of DOCCS.

13.     At approximately 6:35pm, on January 13, 2018, Plaintiff was in the recreation yard at Gowanda.

14.      At that time, correction officer Chiapetta received a report that Plaintiff had entered the yard while under a previously imposed disciplinary sanction that included the temporary suspension of his recreation privileges.

15.     Correction officer Chiapetta called Plaintiff over the intercom and ordered him to come to the yard gate.

16.     Plaintiff approached the gate and was subsequently escorted back to his housing dorm by correction officers.

17.     Upon reaching the dorm Plaintiff was ordered to sign in, which he did.

18.     After signing in, Plaintiff was approached by Defendant Sergeant Appleberry. She was further accompanied by Defendant correction officers Flinch and Hillman.

19.     Defendant Appleberry advised Plaintiff that he would be going to the "box" (the Gowanda Special Housing Unit, "SHU") due to his removal from the yard. Plaintiff believed his removal from the yard had been unwarranted and he told Defendant Appleberry he objected to his being placed in the SHU.

20.     Plaintiff and Defendant Appleberry began to argue over the yard matter as they waited for a facility van to transport them to the SHU building.

21.     Once the van arrived Plaintiff was placed inside.  Defendant Appleberry also got into the vehicle along with Defendants Flinch and Hillman.   Plaintiff and Defendant Appleberry then continued to exchange words and converse about the propriety of plaintiff's removal from the yard until they arrived at the SHU building at approximately 7:00pm.

22.     Defendant Appleberry left the van while Plaintiff remained inside.   She then entered the SHU building. After several minutes she exited the building and Plaintiff was taken out of the van.

23.     SHU staff, including Defendant D. Wilkowski, met Plaintiff and Defendants Appleberry, Flinch and Hillman outside of the SHU building.  As Plaintiff was being taken inside, Defendant Appleberry directed Defendant Wilkowski, the other SHU staff, and correction officer defendants to "give him (Plaintiff) the old treatment."

24.      Once inside the SHU building SHU staff exhibited a great deal of hostility toward plaintiff, addressing him in an aggressive and demeaning manner.  Plaintiff objected to this treatment but complied with staff directions.

25.      Plaintiff was first placed in a Body Orifice Security Scanner (BOSS) chair.  The chair detected no metallic objects on the Plaintiff.

26.      Plaintiff was next taken to the SHU frisk room and ordered to remove his clothes for a strip frisk.

27.      Plaintiff complied with the order and removed his clothes.

28.      Defendant D. Wilkowski, conducted the strip frisk.  Defendant Masucci was also present for the frisk as were Defendants Flinch, Hillman and other unknown SHU staff members.  Defendant T. Bunn was present as well and operating a video camera recording the frisk.

29.      After frisking Plaintiff's naked body, Defendant Wilowski ordered Plaintiff to face the frisk room wall.

30.      Plaintiff, who remained naked, faced the wall. His hands were behind his back and interlocked together which he understood was required by the search procedure.

31.      Without provocation or justification, Defendant Wilkowski then forcefully struck Plaintiff in the back of the head, slamming his face into the wall.

32.     Plaintiff felt his teeth crack as they hit the wall; he then lost consciousness and collapsed to the floor.

33.     When plaintiff regained consciousness on the floor he became aware of correction officers, including Defendants Wilkwoski and Masucci repeatedly striking him about his body as he lay naked on the ground.

34.     These officers, including Wilkowski and Masucci continued to beat and assault Plaintiff until Defendant Wilkowski applied mechanical restraints to Plaintiff's wrists.

35.     Defendants Wilkowski and Masucci carried out the assaults upon plaintiff in bad faith, sadistically and maliciously for the very purpose of causing harm.  The force used upon plaintiff by defendants was not in any way justified, nor necessary to either maintain or restore order or discipline.

36.     Each of the defendant officers, as well as defendants Hillman, Flinch and Bunn, either participated in the assault, or had a reasonable opportunity to prevent it and failed to do so or to attempt to do so.

37.     After being put in restraints Plaintiff was raised to his feet and taken to and confined in a cell within the SHU.

38.     At approximately 7:25pm Plaintiff was examined cell side by DOCCS medical staff who noted blood on Plaintiff's tongue as well as a cracked upper front tooth and a cracked lower front tooth.

39.     Following this examination, a "telemed" conference was conducted with a physician at the Erie County Medical Center ("ECMC").  This physician directed that Plaintiff be transported to their facility for further evaluation.

40.     Plaintiff was transported by DOCCS staff to the emergency room at ECMC in a facility van.

41.     At ECMC, medical doctors initially noted Plaintiff could not open his jaw and that it was visibly deformed.  They also noted swelling to Plaintiff's eyes and ordered a CT scan of Plaintiff's head.

42.     After the scan ECMC doctors diagnosed Plaintiff with facial fractures to the left lamina papyracea and left lateral orbital floor of his left eye.  They also re-examined his jaw and mouth, noting a laceration to his tongue with swelling.

43.     Plaintiff was discharged from ECMC on January 14, 2018 and returned to Gowanda where he was admitted into the infirmary.  He remained in the infirmary for an additional two days, until January 16, 2018, when he was returned to the SHU.

44.     As a result of Defendants' Wilkowski and Masucci's assault on him, Plaintiff suffered various and multiple injuries including broken facial bones, cracked teeth, severe pain, bruising and swelling to his left eye and jaw.  He also suffered from headaches, monocular diplopia (double vision) in his left eye and has experienced substantial mental and emotional distress following defendant's assault upon him.

45.     Plaintiff's cracked upper front tooth and cracked lower front tooth required repair which was performed by DOCCS dental staff.

46.     On May 3, 2018 Plaintiff was released from DOCCS custody and he is presently under post-release supervision.

## LEGAL CLAIMS

### FIRST CLAIM FOR RELIEF

47.     By their actions as described herein, of maliciously and sadistically assaulting Plaintiff, Defendants D. Wilkowski, and Masucci, violated Plaintiff's Eighth and Fourteenth Amendment rights.

### SECOND CLAIM FOR RELIEF

48.     By her action as described herein, in directing and otherwise expressing consent and approval to carry out an assault upon Plaintiff and thus failing to perform her duty to properly supervise and manage subordinate correction officers, Defendant Sergeant Appleberry evinced deliberate indifference toward and express and tacit authorization of the assault upon plaintiff by Defendants Wilkowski and Masucci thus violating Plaintiff's Eighth and Fourteenth Amendment rights.

### THIRD CLAIM FOR RELIEF

49.     By their actions as described herein, in failing to intervene and prevent and attempt to prevent the assault upon Plaintiff, despite having a reasonable opportunity to do

so, Defendants Wilkowski, Masucci, Hillman, Flinch and T. Bunn also violated Plaintiff's Eighth and Fourteenth Amendment rights.

**WHEREFORE**, Plaintiff requests that this Court:

1.      declare that the acts alleged herein are in violation of Plaintiff's rights under the Constitution and laws of the United States;

2.      enter judgment in favor of Plaintiff for reasonable actual and compensatory, including consequential, damages against Defendant D. Wilkowski, Defendant Flinch, Defendant Hillman, Defendant Masucci, Defendant T. Bunn and Defendant Sgt. Appleberry, jointly and severally, to compensate Plaintiff for his pain, suffering, and other hardships arising from the assault upon him;

3.      enter judgment for Plaintiff for reasonable punitive damages against Defendants;

4.      award Plaintiff the costs of this action, including reasonable attorney's fees;

5.      grant such other and further relief as the Court deems just and proper.

Dated:   December 21, 2018
             Buffalo, New York

                                      s/David Bentivegna
                                      DAVID BENTIVEGNA, Esq.
                                      Attorney for Plaintiff David McCane

                                      PRISONERS' LEGAL SERVICES
                                      OF NEW YORK,
                                      Karen L. Murtagh, Executive Director
                                      14 Lafayette Square, Suite 510
                                      Buffalo, NY 14203
                                      Tel. 716-854-1007
                                      Fax: 716-854-1008
                                      DBentivegna@PLSNY.org