UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

DAVID McCANE,

                          Plaintiff,

vs.

CORRECTION OFFICERS D. WILKOWSKI,
MASUCCI, T. BUNN, FLINCH, HILLMAN, and
SERGEANT APPLEBERRY, in their individual
capacities

                          Defendants.

CONFIDENTIALITY
STIPULATION AND
PROTECTIVE ORDER

18-CV-01489

---

WHEREAS discovery herein may include the production of information and/or documents that (a) contain highly sensitive information, policies, procedures or other matters that, if disclosed, could jeopardize correctional or institutional safety, security or good order, (b) contain information that is confidential under state or federal law, or (c) contain personal or confidential information.

IT IS HEREBY STIPULATED AND AGREED by and between Plaintiff, David McCane ("Plaintiff"), and Defendants, Corrections Officers D. Wilkowski, Masucci, T. Bunn, Flinch, Hillman, and Sergeant Appleberry (sometimes collectively referred to as the "Defendants"), that

1. The term "document" as used herein is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a)(1)(A).

2. Defendants may designate as "Confidential Material" or "Attorneys' Eyes Only" documents or things produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, subpoenas, and all other written discovery taken pursuant to the Federal Rules of Civil Procedure, including documents produced from the records of the New York State Department of Corrections and Community Supervision ('DOCCS'), and the information contained therein, the disclosure of which Defendants or DOCCS reasonably believe would jeopardize correctional or institutional safety, security or good order, or which

contain information that is confidential under federal or state law.

    3.    Defendants may further designate as "Confidential Material" and/or "Attorney's Eyes Only" documents in the following categories.

    a. Reports and other records prepared by the DOCCS Office of Special Investigations, or its predecessor entity the DOCCS Office of the Inspector General, in connection with an investigation conducted by that entity;

    b. All personnel, health care (including but not limited to drug or substance abuse records), mental health care, and labor relations records that contain personally identifiable information concerning any employee of DOCCS, any inmate in the custody of DOCCS, or any person subject to community supervision by DOCCS, provided that, for mental health records, the review and determination required by New York Mental Health Law § 33.16 has been completed before any records approved for release are produced;

    c. Any individual's personnel records or other documents pertaining to the individual's employment, including, but not limited to, records of disciplinary proceedings, performance evaluations, and counselings;

    d. All directives or written policies issued by DOCCS or any correctional facility operated by DOCCS that are classified as "D" within the meaning of DOCCS Directive 0001, indicating that they contain information affecting the safety and security of correctional facilities and are handled as confidential material and restricted from unauthorized access;

    e. All DOCCS training materials that refer to or concern correctional or institutional safety, security, or good order;

    f. Any other records that Defendants or DOCCS believe would compromise the safety or security of a DOCCS facility or office if disclosed to an inmate in the custody of DOCCS and/or the general public;

      g.  Any information of a personal or intimate nature regarding any individual.

4.    Any portion of transcripts of depositions taken in this action that pertain to material referenced in 3 (a) – (g) above.

5.    To the extent Plaintiff's counsel obtained copies of documents described in paragraph 2 or 3 herein, excluding Plaintiff's own records, prior to the commencement of this action and may have disclosed them or their contents to others, Plaintiff's counsel shall, within seven (7) business days of the designation by Defendants' counsel of those same documents as Confidential Material or Attorneys' Eyes Only, inform Defendants' counsel of each such document which has been disclosed, the name of each person to whom such document was disclosed, and the date of each such disclosure. Such prior disclosure by Plaintiff's counsel shall not be deemed a violation of this Stipulation and Protective Order, but such documents and information shall be treated hereafter as Confidential Material or Attorney's Eyes Only.

6.    Notwithstanding the treatment as Confidential Material or Attorney's Eyes Only of personnel, health care or mental health care records that contain personally identifiable information concerning any employee of DOCCS or any inmate in the custody of DOCCS, it is understood that, with the exception of the parties to this case, the names, residence addresses, employee insurance information, Social Security numbers and/or Department Identification Numbers ("DIN") of any employee, inmate, or other person who has not provided DOCCS with a duly executed authorization permitting disclosure of such information shall be redacted from the documents produced by DOCCS.

7.    Confidential and Attorney's Eyes Only material shall be treated as confidential and not disclosed, except to the extent provided in this Stipulation and Protective Order or as otherwise ordered by the Court.

8.    Except as otherwise provided in this Stipulation and Protective Order and subject to the restrictions below, access to Confidential Material and Attorney's Eyes Only material shall

be limited to:

  a. Attorneys for Plaintiff;

  b. Defendants and attorneys for Defendants;

  c. Employees and independent contractors of the respective attorneys for Plaintiff or Defendants who have direct functional responsibility for the preparation or trial of this action, or any appeal thereof;

  d. The parties' respective experts and consultants, to the extent deemed necessary to the conduct of this litigation by the respective attorneys for Plaintiff or Defendants, except that, prior to any such person being given access to the Confidential Material, that person shall be given a copy of this Stipulation and Protective Order and shall execute the Certification annexed hereto;

  e. Individual employees of DOCCS, to the extent that such individual employees would have access to the Confidential Material as part of their employment with DOCCS;

  f. Court reporters, to the extent deemed necessary for the conduct of this litigation by the respective attorneys for Plaintiff or Defendants; and

  g. The Court, including court personnel.

9. As for Confidential Material <u>only</u>, attorneys for Plaintiff may allow Plaintiff to view and inspect Confidential Material as necessary to prosecute this action. However, Plaintiff shall not retain copies or reproductions by any means of Confidential Material.

10. As for Attorneys' Eyes Only material, attorneys for Plaintiff may <u>not</u> show or provide copies or reproductions by any means of Attorneys' Eyes Only material to Plaintiff, nor may they discuss Attorneys' Eyes Only Material with Plaintiff.

11. Materials designated as Confidential Material and/or Attorneys' Eyes Only shall not be copied, reproduced, summarized or abstracted, except to the extent that such copying, reproduction, summarization or abstraction is reasonably necessary for the conduct of this Action.

All such copies, reproductions, summarizations, extractions, and abstractions shall be subject to the terms of the Stipulation and Order, and labeled in the same manner as the designated material on which they are based.

12. Confidential or Attorney's Eyes Only material may be disclosed pursuant to order of a court, administrative agency or tribunal with actual or apparent authority over Plaintiff's counsel, provided, however, that, in the event that Plaintiff's counsel intends to produce documents containing Confidential or Attorney's Eyes Only material or that contain Confidential or Attorney's Eyes Only material obtained from such documents in response to such order, Plaintiff's counsel shall serve notice of such order upon Defendants' counsel, identifying by Bates numbers the documents it intends to produce, not less than ten (10) business days prior to the production thereof, to give Defendants the opportunity to seek a protective order against such production.

13. Except as consented to in writing by Defendants' counsel, or ordered by the Court, and notwithstanding any other term or provision contained in this Stipulation and Protective Order, Confidential material shall not be released or disclosed in any manner to any person who is or was an inmate in the custody of DOCCS, except the Plaintiff. As stated above in paragraph 9 herein, Plaintiff shall not retain copies of Confidential Material.

14. No person receiving Confidential or Attorney's Eyes Only material pursuant to this Stipulation and Protective Order shall disclose or discuss such material in any manner, written or oral, to or with any person who is not entitled to receive such information pursuant to this Stipulation and Protective Order.

15. If material designated Confidential Material and/or Attorneys' Eyes Only is disclosed to any person other than in the manner authorized by this Stipulation and Order, the person responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of counsel for the designating party and, without prejudice to any other rights and remedies of the parties, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

16. If Plaintiff's attorneys intend to file with the Court any papers that attach, enclose, or contain Confidential or Attorneys' Eyes Only material (as defined in this Stipulation and Protective Order), unless Defendants' attorneys consent in writing otherwise, Plaintiff's attorneys shall request or move the Court to direct that such documents be filed under seal, following the Court's rules, procedures, and practices for making such a request or motion.

17. Confidential or Attorney's Eyes Only material produced pursuant to the terms of this Stipulation and Protective Order shall be used by the receiving party solely for the purposes of this action and solely to the extent necessary for the litigation of this action, including any appeals thereof.

18. Within sixty (60) days of the conclusion of this Action, including appeals, Plaintiff's counsel shall either (i) return to Defendants' counsel all Confidential or Attorney's Eyes Only material, and any copies thereof, in its custody, possession or control and any documents containing Confidential and/or Attorney's Eyes Only material, in whole or in part, and any copies made therefrom or (ii) shall notify Defendants' counsel in writing that all such material has been destroyed. Notwithstanding the foregoing, Plaintiff's counsel may retain (1) attorney work product that refers to or relates to Confidential or Attorneys' Eyes Only material and (2) copies of all documents filed with the Court, including documents filed under seal. Any retained Confidential or Attorneys' Eyes Only material will, in perpetuity, continue to be protected by this Stipulation and Protective Order.

19. Within thirty (30) days of the conclusion of this Action, Plaintiff's counsel shall seek to retrieve from the Court's file any Confidential or Attorney's Eyes Only material filed in Court and, unless the Court denies the application, shall either return such Confidential or Attorney's Eyes Only material to Defendants' counsel within (30) days of retrieval or shall notify Defendant's counsel in writing that all such material has been destroyed.

20. Nothing in this Order shall foreclose the parties from separately negotiating and agreeing in writing to the confidential treatment of documents not contemplated by this Stipulation

and Protective Order and identified in paragraph 2 and 3 herein.

21.  In the event additional defendants are added to this Action, each such defendant shall have the opportunity to join this Stipulation and Protective Order, and upon joining this Stipulation and Protective Order, shall be permitted to utilize the protections provided in the Stipulation and Protective Order. Each new defendant added to this Action may join in this Stipulation and Protective Order by written stipulation entered into by the parties or by filing a motion with the Court requesting permission to join the Stipulation and Protective Order.

Dated: New York, NY
       Aug 6, 2020

Caitlin A. Robin, Esq
*Attorney for Plaintiff David McCane*
Caitlin Robin and Associates PLLC
30 Broad Street, Suite 702
New York, NY 10004

By: _____
    Caitlin A. Robin, Esq.

Dated: New York, NY
       Aug 6, 2020

Cary London, Esq
*Attorney for Plaintiff David McCane*
Caitlin Robin and Associates PLLC
30 Broad Street, Suite 702
New York, NY 10004

By: _____
    Cary London, Esq.

Dated: Buffalo, NY
       Aug 6, 2020

Henry B. Tilson, Jr., Esq
*Attorney for Plaintiff David McCane*
Caitlin Robin and Associates PLLC
737 Main Street, Suite 201
Buffalo, NY 10004

By: _____
    Henry B. Tilson, Jr., Esq.

Dated: Orchard Park, New York
_August 6_, 2020

Cheryl Meyers Buth, Esq.
*Attorney for Defendant CO Wilkowski*
Meyers Buth Law Group, PLLC
21 Princeton Place
Suite 105
Orchard Park, New York 14127

By: _____
Cheryl Meyers Buth, Esq.

Dated: Orchard Park, New York
_Aug 6_, 2020

Laurie A. Baker, Esq.
*Attorney for Defendant Wilkowski*
Meyers Buth Law Group, pllc
21 Princeton Place
Suite 105
Orchard Park, New York 14127

By: _____
Laurie A. Baker, Esq.

Dated: Buffalo, New York
_8-12_, 2020

Eric M. Soehnlein, Esq.
Lippes Mathias Wexler Friedman, LLP
*Attorneys for Defendant Officer T. Bunn*
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202

By: _____
Eric M. Soehnlein, Esq.

Dated: Buffalo, New York
_3/12/20_, 2020

Sean M. O'Brien, Esq.
Lippes Mathias Wexler Friedman, LLP
*Attorneys for Defendant Officer T. Bunn*
50 Fountain Plaza, Suite 1700
Buffalo, NY 14202

By: _____
Sean M. O'Brien, Esq.

Dated: Buffalo, New York  
March 30, 2020

David J. Sleight, Esq.  
New York State Attorney General's Office  
*Attorneys for Defendant Officer Hillman*  
Department of Law  
Main Place Tower, Suite 300A  
Buffalo, NY 14202

By: _____  
David J. Sleight, Esq.

Dated: Buffalo, New York  
August 20, 2020

Barry N. Covert, Esq.  
Lipsitz Green Scime Cambria LLP  
*Attorneys for Defendant Officer Masucci*  
42 Delaware Avenue, Suite 1120  
Buffalo, NY 14202

By: _____  
Barry N. Covert, Esq.

Dated: Buffalo, New York  
August 20, 2020

Diane M. Perri Roberts, Esq.  
Lipsitz Green Scime Cambria LLP  
*Attorneys for Defendant Officer Masucci*  
42 Delaware Avenue, Suite 1120  
Buffalo, NY 14202

By: _____  
Diane M. Perri Robert, Esq.

Dated: Buffalo, New York  
August 20, 2020

Patrick J. Mackey, Esq.  
Lipsitz Green Scime Cambria LLP  
*Attorneys for Defendant Officer Masucci*  
42 Delaware Avenue, Suite 1120  
Buffalo, NY 14202

By: _____  
Patrick J. Mackey, Esq.

SO ORDERED:

Dated: __4/21/2021__

_____
Hon. Jeremiah J. McCarthy

**JEREMIAH J. McCARTHY**
**UNITED STATES MAGISTRATE JUDGE**

## CERTIFICATION

I certify my understanding that Confidential Material is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order in <u>McCane v. Corrections Officers D. Wilkowski, et al.</u>, 18-CV-01489, currently pending in the United States District Court for the Western District of New York. I further certify that I have read the Stipulation and Protective Order and agree to be bound by it.

I understand that all provisions of the Stipulation and Protective Order restricting the communication or use of Confidential and Attorneys' Eyes Only Material, including but not limited to any notes or other transcriptions made of Confidential and Attorneys' Eyes Only Material therefrom, shall continue to be binding during the pendency of and after the conclusion of this action.

Dated:_____

_____
SIGNATURE

_____
PRINT NAME

_____
ADDRESS

_____
ADDRESS

_____
TELEPHONE NUMBER