

**Cheryl Meyers Buth**
Attorney/Member
cmbuth@mblg.us

**Laurie A. Baker**
Attorney/Member
labaker@mblg.us

**Patrick J. Maloney**
Of Counsel
pjmaloney@mblg.us

December 9, 2021

Hon. Jeremiah J. McCarthy
United States Magistrate Judge
Robert H. Jackson Courthouse
2 Niagara Square
Buffalo, New York 14202

   RE: McCane v. Wilkowski, et al.
      Case No.: 18-cv-01489 (EAW-JJM)

Dear Judge McCarthy:

  We are writing to request an extension of the deadlines in the case management order. As you know, the plaintiff recently requested an extension with consent of the defense to provide expert disclosure from an ophthalmologist. After speaking to plaintiff's attorney, we estimate that she may have the ophthalmology records by the end of this month. Under the current case management order, our rebuttal expert disclosure would be due on December 29, 2021, with expert depositions conducted by January 24, 2022 and dispositive motions filed by February 21, 2022. We will need to provide the plaintiff's expert report in turn to our experts in order to finalize our disclosures. Based on the fact that we cannot provide expert disclosures until we receive the information from plaintiff's ophthalmologist, we are asking that the above dates all be extended by 60 days.

  We believe that the need to obtain the necessary reports from the parties' expert witnesses is good cause for extending the case management order. *Smith v. Bradt*, 329 F.R.D. 500 (2/26/19 W.D.N.Y.). With regard to motions for modifying a scheduling order under Rule 16(b), the court has discretion (see *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007)) but such "discretion is limited by Rule 16(b)(4) which states that "[a] schedule may be modified *only* for good cause and with the judge's consent". *Id*. The 1983 Advisory Committee Notes to the rule state that a court acts within its discretion, on a showing of good cause, where deadlines cannot be reasonably met despite the diligence of the party seeking the extension. Unlike *Smith v. Bradt*, neither party in this case is asserting that the other party has failed to comply with the case

McCarthy, Hon. Jeremiah J.
United States Magistrate Judge
December 9, 2021
Page Two

management order or is not exercising due diligence; to the contrary, both sides are attempting to work together to resolve issues regarding outstanding expert disclosure. Plaintiff's counsel has provided all other expert disclosure at this point and so this is not a circumstance like in *Smith v. Bradt* where counsel's delay created or contributed to the need for a scheduling order modification.

Sincerely,

CHERYL MEYERS BUTH

CMB/jdc
cc:     (All via CM/ECF)
        Caitlin A. Robin, Esq. (caitlin@robinandassociates.com)
        Cary London, Esq. (cary@robinandassociates.com)
        Henry B. Tilson, Jr., Esq. (henry@robinandassociates.com)
        Barry N. Covert, Esq. (bcovert@lglaw.com)
        Patrick J. Mackey, Esq. (pmackey@lglaw.com)
        Diane M. Perri Roberts, Esq. (droberts@lglaw.com)
        Eric M. Soehnlein, Esq. (esoehnlein@lippes.com)
        Sean M. O'Brien, Esq. (sobrien@lippes.com
        David J. Sleight, Esq. (david.sleight@ag.ny.gov)
        Laurie A. Baker, Esq. (labaker@mblg.us)