UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID MCCANE,

           Plaintiff,

   v.

CORRECTION OFFICER D. WILKOSWKI,
CORRECTION OFFICER MASUCCI,
CORRECTION OFFICER T. BUNN,
CORRECTION OFFICER FLINCH, and
CORRECION OFFICER SERGEANT
APPLEBERRY, *in their individual capacities*,

           Defendants.
_____

**DECISION AND ORDER**

1:18-CV-01489 EAW

    Plaintiff David McCane ("Plaintiff"), represented by counsel, has filed a motion to seal his summary judgment motion in its entirety. (Dkt. 71). For the reasons discussed below, the Court denies Plaintiff's motion to seal without prejudice.

    In order to overcome the presumption of public access to judicial documents, it is necessary for the Court to make "specific, on-the-record findings that sealing is necessary to preserve higher values" and any sealing order must be "narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006). "[T]he Second Circuit has emphasized that the weight of the presumption as it relates to documents filed in connection with summary judgment motions is of the highest: 'documents used by parties moving for, or opposing, summary judgment should not remain under seal *absent the most compelling reasons*.'" *Moroughan v. Cnty. of Suffolk*, No. 12-

CV-0512 JFB AKT, 2021 WL 280053, at *2 (E.D.N.Y. Jan. 24, 2021) (emphasis in original and quoting *Lugosch*, 435 F.3d at 123); *Burns v. Rovella*, No. 3:19-CV-553 (JCH), 2021 WL 4263372, at *7 (D. Conn. Sept. 20, 2021) ("The Second Circuit has instructed that 'documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment.'" (quoting *Trump v. Deutsche Bank AG*, 940 F.3d 146, 151 (2d Cir. 2019))).

Plaintiff's motion to seal is grossly insufficient to justify the relief he seeks. He has provided scant information to support his contention that sealing his entire summary judgment submission is warranted. For example, in his notice of motion he indicates that the documents sought to be sealed "contain personal information pursuant to Fed. R. Civ. P. 5.2 and confidential medical information," (Dkt. 71 at 1), and his counsel similarly declares that "Plaintiff wishes to include Exhibits which contain personal information subject to Fed. R. Civ. P. 5.2 and confidential medical information," (Dkt. 71-1 at ¶ 3). Counsel further indicates that some of the exhibits Plaintiff wishes to file under seal include those produced by Defendants pursuant to an "attorneys' eyes only" provision in the Confidentiality Stipulation and Protective Order (Dkt. 40) entered in this case. (Dkt. 71-1 at ¶ 4).

However, it is well-established that "[c]onfidentiality agreements alone are not an adequate basis for sealing" and "[m]aterial designated as Confidential by a protective order 'might not overcome the presumption of public access once it becomes a judicial

document.'"  *Metcalf v. TransPerfect Translations Int'l, Inc.*, No. 19CV10104(AJN)(KHP), 2022 WL 2116686, at *1 (S.D.N.Y. June 13, 2022) (quoting *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015)); *Scism v. City of Schenectady*, No. 1:18-CV-672 (TWD), 2021 WL 4458819, at *3 (N.D.N.Y. Sept. 29, 2021) ("However, 'that a document was produced in discovery pursuant to a protective order has no bearing on the presumption of access that attaches when it becomes a judicial document.'" (quoting *Collado v. City of New York,* 193 F. Supp. 3d 286, 289-90 (S.D.N.Y. 2016))), *aff'd*, No. 21-2622-CV, 2022 WL 289314 (2d Cir. Feb. 1, 2022), *cert. denied*, No. 21-1422, 2022 WL 4657197 (Oct. 3, 2022).  Nor are conclusory statements about the alleged confidentiality of the information sufficient to support sealing. *See, e.g., Rowe v. Google LLC,* No. 19 CIV. 8655 (LGS), 2022 WL 4467628, at *3 (S.D.N.Y. Sept. 26, 2022) (requiring party to show with particularity the basis for a sealing request to permit the court to make specific findings as to the necessity for sealing); *Bronx Conservatory of Music, Inc. v. Kwoka*, No. 21CV1732(AT)(BCM), 2021 WL 2850632, at *3 (S.D.N.Y. July 8, 2021) ("Neither 'conclusory assertion[s]' of harm nor '[b]road and general findings by the trial court' will suffice [to support sealing judicial documents]." (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987))).  Plaintiff's papers seeking sealing consist almost entirely of these kinds of cursory, insufficient assertions.

Plaintiff also has not narrowly tailored his sealing requests.  He seeks to seal his notice of motion, attorney declaration, statement of facts, entire memorandum of law, and every exhibit filed in support of his summary judgment motion.  The Court seriously doubts

that Plaintiff's notice of motion and boilerplate legal argument would require sealing, and similarly factual information also contained in other filings on the docket, including in Plaintiff's complaint and Defendant's summary judgment motion (Dkt. 72), would not be appropriate for sealing.  While certain information in Plaintiff's filings may be subject to sealing, there are substantial portions of the summary judgment submission that, on their face, contain no confidential information whatsoever and Plaintiff has made no attempt to limit the information to be shielded from public view.

For these reasons, the Court denies the pending motion to seal (Dkt. 71) without prejudice.  If Plaintiff wishes to pursue his request to seal, he must file a new motion to seal with properly supported, narrowly tailored proposed redacted submissions by no later than **November 29, 2022**.  If Plaintiff seeks to seal information because Defendants have identified the information as confidential, he must specifically identify any such information in his new motion to seal and proposed redacted submissions, and Defendants must file papers on or before **December 6, 2022,** justifying the basis for the sealing of any such information that they have designated confidential, consistent with the legal standards set forth herein.  Once the Court has had an opportunity to resolve any new motion to seal, a briefing schedule on Plaintiff's motion for summary judgment **and** Defendant's motion for summary judgment (Dkt. 72) will be issued.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: November 21, 2022
       Rochester, New York