UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID MCCANE,

                Plaintiff,

     v.

CORRECTION OFFICER D. WILKOSWKI,
CORRECTION OFFICER MASUCCI,
CORRECTION OFFICER T. BUNN,
CORRECTION OFFICER FLINCH, and
CORRECION OFFICER SERGEANT
APPLEBERRY, *in their individual capacities*,

                Defendants.
_____

**DECISION AND ORDER**

1:18-CV-01489 EAW

Plaintiff David McCane ("Plaintiff"), represented by counsel, commenced this action against defendants Correction Officer D. Wilkoswki ("Defendant Wilkowski"), Correction Officer Masucci ("Defendant Masucci"), and Correction Officer T. Bunn ("Defendant Bunn") (collectively "Defendants"),[1] alleging violations of his Eighth and Fourteenth Amendment rights arising from the alleged use of excessive force in a January 13, 2018 incident that occurred during Plaintiff's former imprisonment at Gowanda Correctional Facility. (Dkt. 1).

---

[1] Plaintiff also sued Correction Officer Flinch, Correction Officer Hillman, and Sergeant Appleberry, but the parties stipulated to dismiss Defendant Hillman (Dkt. 57) and Defendants Flinch and Appleberry have not appeared in the action.

- 1 -

On November 17, 2022, Plaintiff filed a motion for leave to seal his summary judgment motion in its entirety. (Dkt. 71). That motion was denied without prejudice for a failure to provide ample support for the extreme relief sought. (Dkt. 73). Plaintiff has now filed a renewed and more limited motion to seal two documents supporting his summary judgment motion, specifically, unredacted versions of Exhibit O and Exhibit Y. (Dkt. 74).[2] Defendant Masucci and Defendant Bunn do not oppose Plaintiff's request to maintain unredacted versions of Exhibit O and Exhibit Y under seal (*see* Dkt. 75; Dkt. 76), but request that in addition, the Court seal other exhibits allegedly presenting the same or similar confidentiality concerns posed by these exhibits. Specifically, Defendant Masucci seeks the sealing of Exhibits B, L, Q, P, and W (Dkt. 75), and Defendant Bunn seeks to seal Exhibits B, O, P, Q, and W (Dkt. 76), in their entirety. Defendant Wilkowski has not taken any position on the renewed motion to seal.

The substance of the exhibits at issue are as follows:

- Exhibit B is a January 30, 2019 arbitration adjudication of the disciplinary grievance against Defendant Masucci arising from the January 13, 2018 incident;

- Exhibit L is the New York State Department of Corrections and Community Supervision ("DOCCS") Notice of Discipline against Defendant Masucci arising from the January 13, 2018 incident;

---

[2]   Plaintiff's notice of motion (Dkt. 74 at 1) for his renewed motion to seal indicates that he is relying on a declaration of counsel dated November 29, 2022. While Plaintiff did submit the declaration to the undersigned's chambers, he did not file it on the docket or otherwise move for leave to file it under seal. Accordingly, the Court will arrange for the declaration to be publicly filed in support of Plaintiff's renewed motion.

- Exhibit O is the DOCCS Report of Complaint Progress and transcript of Defendant Masucci's interview with Office of Special Investigations ("OSI") investigators relating to the January 13, 2018 incident;

- Exhibit P is a February 6, 2018 Reason for Suspension Notice to Defendant Masucci from DOCCS;

- Exhibit Q is a February 6, 2018 DOCCS Reason for Suspension Statement issued to Defendant Masucci;

- Exhibit W is a Disciplinary Grievance filed by Defendant Masucci in response to DOCCS' Notice of Discipline; and

- Exhibit Y is a copy of the DOCCS Notice of Discipline against Defendant Wilkowski arising from the January 13, 2018 incident.

## **DISCUSSION**

"The notion that the public should have access to the proceedings and documents of courts is integral to our system of government." *United States v. Erie Cnty. N.Y.*, 763 F.3d 235, 238-39 (2d Cir. 2014); *see also Doe 1 v. Starpoint Cent. Sch. Dist.*, No. 23-CV-207-LJV, 2023 WL 2752509, at *1 (W.D.N.Y. Apr. 3, 2023) ("One of the cornerstones of our judicial system is the right of public access to judicial proceedings, including a presumption that judicial documents are public."). The presumption of public access to judicial documents is grounded in both the common law and the First Amendment. *See Coventry Cap. v. EEA Life Settlements, Inc.*, No. 117CV07417 (JLR)(SLC), 2023 WL 2810660, at *1 (S.D.N.Y. Apr. 6, 2023) ("A court must evaluate a request to seal under both a 'common

law right of public access to judicial documents,' and the press and public's 'qualified First Amendment right to attend judicial proceedings and to access certain judicial documents.'" (quoting *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006)).

In order to overcome the presumption, it is necessary for the Court to make "specific, on-the-record findings that sealing is necessary to preserve higher values" and any sealing order must be "narrowly tailored to achieve that aim." *Lugosch,* 435 F.3d at 124. When considering a motion to seal, the Court will generally engage in a three-step process regarding the applicability of this presumptive right of access. First, the Court "determines whether the record at issue is a 'judicial document'—a document to which the presumption of public access attaches." *Mirlis v. Greer*, 952 F.3d 51, 59 (2d Cir. 2020) (quoting *Lugosch*, 435 F.3d at 119). Second, "if the record sought is determined to be a judicial document, the court proceeds to 'determine the weight of the presumption of access' to that document." *Id.* (quotations omitted). Third, "the court must identify all of the factors that legitimately counsel against disclosure of the judicial document, and balance those factors against the weight properly accorded the presumption of access." *Id.*; *see also Monahan v. City of New York*, No. 20-CV-2610 (PKC), 2022 WL 993571, at *1 (S.D.N.Y. Mar. 30, 2022) ("Sealing or redaction is warranted if the privacy interests of the party resisting disclosure outweigh the presumption of access.").

As to the first step, a judicial document is an item that is filed with the Court and "relevant to the performance of the judicial function and useful in the judicial process[.]" *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995). That standard is satisfied here

with respect to the exhibits at issue, and so the Court must proceed with the inquiry. As to the second step, "the Second Circuit has emphasized that the weight of the presumption as it relates to documents filed in connection with summary judgment motions is of the highest: 'documents used by parties moving for, or opposing, summary judgment should not remain under seal *absent the most compelling reasons*.'" *Moroughan v. Cnty. of Suffolk*, No. 12-CV-0512 JFB AKT, 2021 WL 280053, at *2 (E.D.N.Y. Jan. 24, 2021) (emphasis in original and quoting *Lugosch*, 435 F.3d at 123); *see also Matthews v. New York State Dep't of Corr. & Cmty. Supervision,* No. 9:17-CV-503, 2023 WL 2664418, at *3 (N.D.N.Y. Mar. 28, 2023) ("Summary judgment filings should not remain under seal 'absent the most compelling reason' or 'absent exceptional circumstances' because the act of formal adjudication should be subject to public scrutiny." (quoting *Monahan*, 2022 WL 993571, at *1)); *Burns v. Rovella*, No. 3:19-CV-553 (JCH), 2021 WL 4263372, at *7 (D. Conn. Sept. 20, 2021) ("The Second Circuit has instructed that 'documents submitted to a court for its consideration in a summary judgment motion are—as a matter of law—judicial documents to which a strong presumption of access attaches, under both the common law and the First Amendment.'" (quoting *Trump v. Deutsche Bank AG*, 940 F.3d 146, 151 (2d Cir. 2019))).

  Notwithstanding this, the parties contend that the exhibits in question should be filed under seal because the documents were produced pursuant to a Confidentiality Stipulation and Protective Order in accordance with DOCCS' preference that personnel information and internal investigations remain confidential, the materials could lead to incorrect

information or perceptions of Defendants if made public, the law enforcement privilege applies to the information contained in the exhibits, and the exhibits contain or relate to disciplinary matters occurring prior to the June 2020 repeal of New York Civil Rights Law § 50-a. The Court concludes that the parties have failed to meet their burden to establish a countervailing basis to seal these documents sufficient to outweigh the strong presumption of public access afforded.

As an initial matter, it is well-established that "[c]onfidentiality agreements alone are not an adequate basis for sealing" and "[m]aterial designated as Confidential by a protective order 'might not overcome the presumption of public access once it becomes a judicial document.'" *Metcalf v. TransPerfect Translations Int'l, Inc.*, No. 19CV10104AJNKHP, 2022 WL 2116686, at *1 (S.D.N.Y. June 13, 2022) (quoting *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 155 (S.D.N.Y. 2015)); *Scism v. City of Schenectady*, No. 1:18-CV-672 (TWD), 2021 WL 4458819, at *3 (N.D.N.Y. Sept. 29, 2021) ("However, 'that a document was produced in discovery pursuant to a protective order has no bearing on the presumption of access that attaches when it becomes a judicial document.'" (quoting *Collado v. City of New York*, 193 F. Supp. 3d 286, 289-90 (S.D.N.Y. 2016))), *aff'd*, No. 21-2622-CV, 2022 WL 289314 (2d Cir. Feb. 1, 2022), *cert. denied*, No. 21-1422, 2022 WL 4657197 (Oct. 3, 2022).

Nor are conclusory statements about the alleged confidentiality of the information sufficient to support sealing. *See, e.g., Rowe v. Google LLC,* No. 19 CIV. 8655 (LGS), 2022 WL 4467628, at *3 (S.D.N.Y. Sept. 26, 2022) (requiring party to show with

particularity the basis for a sealing request to permit the court to make specific findings as to the necessity for sealing); *Bronx Conservatory of Music, Inc. v. Kwoka*, No. 21CV1732(AT)(BCM), 2021 WL 2850632, at *3 (S.D.N.Y. July 8, 2021) ("Neither 'conclusory assertion[s]' of harm nor '[b]road and general findings by the trial court' will suffice [to support sealing judicial documents]." (quoting *In re N.Y. Times Co.*, 828 F.2d 110, 116 (2d Cir. 1987))).  The parties have not adequately documented the particularized harm that they contend would arise from public disclosure of the documents in question. *See Oliver v. New York State Police,* No. 115CV00444 (BKS/DJS), 2020 WL 1227141, at *4 (N.D.N.Y. Mar. 13, 2020) (denying motion to seal internal investigation materials because defendants failed to sustain burden to "through competent declarations, show[ ] the court what interests [of law enforcement or privacy] would be harmed, how disclosure . . . would cause the harm, [and] how much harm there would be." (quotation and citation omitted)).

Moreover, the parties have not established that the information sought to be sealed is encompassed by the law enforcement privilege, which applies to "information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witness and law enforcement personnel [or] the privacy of individuals involved in an investigation, and information that would otherwise . . . interfere[ ] with an investigation." *Murray v. City of New York*, No. 21CIV6892EKVMS, 2023 WL 2734819, at *2 (E.D.N.Y. Mar. 30, 2023) (quoting *In re City of New York*, 607 F.3d 923, 944 (2d Cir. 2010)); *New York v. Mayorkas*, No. 20-CV-

1127 (JMF), 2021 WL 2850631, at *12 (S.D.N.Y. July 8, 2021) (law enforcement privilege "protects 'information pertaining to law enforcement techniques and procedures, information that would undermine the confidentiality of sources, information that would endanger witnesses and law enforcement personnel or the privacy of individuals involved in an investigation, and information that would otherwise interfere with an investigation.'" (quoting *In re City of New York*, 607 F.3d at 945)). "[T]he party asserting the law enforcement privilege bears the burden of showing that the privilege indeed applies to the documents at issue," and "an assertive, bare bones recital of the law enforcement privilege" is insufficient. *Powell v. United States*, No. 19 CIV. 11351 (AKH), 2022 WL 2188167, at *2 (S.D.N.Y. June 17, 2022) (quoting *In re City of New York*, 607 F.3d at 948). Although Plaintiff makes the allegation that somehow revealing information contained in Exhibits O and Y would reveal investigative techniques, much of the information that Plaintiff proposes to redact from those documents has nothing to do with specific investigative techniques. To the extent Plaintiff contends that disclosure of the proposed redacted information would reveal the manner in which DOCCS examines its own employees following misconduct, the Court is unconvinced that the proposed redactions somehow protect proprietary information in this regard. Because the parties have not articulated how the law enforcement privilege would apply to the information contained in the exhibits, sealing them on this basis has not been justified. *See Edwards v. Nassau Cnty. Corr. Ctr.*, No. 13CV4345JSJMW, 2022 WL 22736, at *4 (E.D.N.Y. Jan. 3, 2022) (denying protections of law enforcement privilege to internal affairs unit documents where the

parties failed to specifically identify "the harm that is likely to be encountered if disclosure is permitted" and instead just "blankly assert that, 'After review of the documentation at issue, the paperwork lucidly evidences the "techniques and procedures" as to which the Department of the Nassau County Sheriff and IAU perform the departmental investigations to determine whether wrongdoing occurred'"); *Oliver v. New York State Police*, No. 115CV00444 (BKS)(DJS), 2020 WL 1227141, at *4 (N.D.N.Y. Mar. 13, 2020) ("Though [a]n investigation . . . need not be ongoing for the law enforcement privilege to apply as the ability of a law enforcement agency to conduct future investigations may be seriously impaired if certain information is revealed to the public, Defendants fail to show that disclosure of the video would endanger witnesses or law enforcement or impair the NYSP's ability to conduct future investigations." (internal citations and quotations omitted)); *Coleman v. Cnty. of Suffolk*, 174 F. Supp. 3d 747, 757 (E.D.N.Y. 2016) (rejecting assertion of law enforcement privilege to justify sealing internal affairs unit investigation and report where the parties "do not discuss how the specific documents at issue here, which they admit only reference the IAU Report and the investigation, are subject to the law enforcement privilege, . .[n]or have they made a clear and specific evidentiary showing of the harm that would occur should the documents be disclosed"), *aff'd*, 685 F. App'x 69 (2d Cir. 2017).

Similarly, any purported protections contained in New York Civil Rights Law § 50- a do not control the Court's analysis. That law, now repealed, formerly provided that "[a]ll personnel records used to evaluate performance toward continued employment or

promotion, under the control of any police agency or department of the state . . . and such personnel records under the control of the department of corrections and community supervision . . . shall be considered confidential and not subject to inspection or review without the express written consent of such police officer, . . . correction officer or peace officer within the department of corrections and community supervision or probation department except as may be mandated by lawful court order." New York Civil Rights Law § 50-a (repealed June 11, 2020). Defendants argue that pursuant to this law, as was in effect as of the date the exhibits were created, "*none of those documents would be subject to public disclosure*," and cite numerous state court cases in support of the contention that the repeal of § 50-a was not intended to be applied retroactively. (Dkt. 75 at 5-6 (emphasis in original)). But beyond the question of retroactivity, "New York state law does not govern discoverability and confidentiality in federal civil rights actions," and "there is no federal analog to New York Civil Rights Law § 50-a," meaning that "[q]uestions of privilege in federal civil rights cases are governed by federal law." *Coleman*, 174 F. Supp. 3d at 757; *see also Edwards,* 2022 WL 22736, at *4 ("Thus, the repeal of § 50-a, a state law, does not govern the Court's analysis in this federal civil rights action. Rather, Rule 26(b)(1) governs discoverability of the subject [Internal Affairs Unit] report. . . . Thus, Plaintiff here is entitled to the [Internal Affairs Unit] report regarding the alleged excessive force investigation regardless of § 50-a's repeal."); *Est. of Jackson by Jackson v. Cnty. Of Suffolk,* No. 2:12-CV-1455, 2019 WL 3253063, at *8 (E.D.N.Y. July 19, 2019) (denying motion to seal internal affairs bureau investigation report pursuant to §50-a in part because

- 10 -

"state law does not govern discoverability and confidentiality in federal civil rights actions" (quotation and citation omitted)).

Here, the parties have not sufficiently explained how the judicial documents in question, which all expressly relate to the incident forming the basis of Plaintiff's civil rights complaint, would legitimately counsel against disclosure, when balanced against the weight accorded the presumption of public access. *See Matthews,* 2023 WL 2664418, at *5 (denying motion to seal where defendants failed to overcome the presumption of access to OSI investigative reports with the exception of identification of nonparty inmate witnesses); *Cremeans v. Miller*, No. 520CV00535(BKS/TWD), 2022 WL 7286974, at *4 (N.D.N.Y. Aug. 24, 2022) (denying motion to seal where "[t]he documents comprise a significant portion of the factual record before the Court, and they pertain to matters that 'directly affect' the Court's adjudication of Defendants' motion for summary judgment"), *report and recommendation adopted*, No. 520CV535 (BKS/TWD), 2022 WL 4591745 (N.D.N.Y. Sept. 30, 2022); *Moroughan,* 2021 WL 280053, at *4 ("To the extent that the information referenced in the Court's Opinion derives from documents and recordings that were part of internal affairs investigations, the confidential and internal nature of those materials does not outweigh the strong presumption of public access to judicial documents related to summary judgment motions, as well as court opinions referencing those documents.").

In sum, taking the parties' arguments and relevant factors into consideration and balancing them against the weight properly accorded the presumption of access, the Court

concludes that the parties have not met their burden of showing that resisting disclosure outweighs the presumption of access. The renewed motion to seal is therefore denied.

## **CONCLUSION**

For the foregoing reasons, the Court denies Plaintiff's renewed motion to seal. (Dkt. 74). Plaintiff must file his proposed summary judgment motion on the public docket no later than **April 21, 2023**. The Court will issue a separate order addressing the briefing schedule on Plaintiff's motion for summary judgment and Defendant Bunn's motion for summary judgment. (Dkt. 72).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: April 17, 2023
        Rochester, New York