# Exhibit U

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------------X
DAVID MCCANE,

                          Plaintiff,

       -against-

CORRECTION OFFICERS D. WILKOWSKI, MASUCCI, T.
BUNN, FLINCH, HILLMAN, AND SERGEANT
APPLEBERRY, In Their Individual Capacities

                        Defendants.
------------------------------------------------------X

**PLAINTIFF'S EXPERT DISCLOSURE**

Docket No:

18-CV-01489

PLEASE TAKE NOTICE, that Plaintiff hereby provides the following information pursuant to FRCP Rules 26(a)(2)(B):

1. Dr. Adina Carrel D.M.D., has been retained as an expert

2. A copy of Dr. Carrel's expert report is attached hereto.

3. Dr. Carrel reviewed, and may rely upon trial, the relevant medical records for David McCane, including the DOCCS medical records, Erie County Medical Center medical records, Erie County Medical Center Radiology Records, Use of Force and Unusual Incident Report from the Department of Corrections, Mohawk Correctional Facility Radiology records, St. Elizabeth Campus Mohawk Valley Health System Radiology records as well as the relevant pleadings, discovery, video tapes photographs and testimony had herein.

4. A copy of Dr. Carrel's CV is attached hereto.

5. Dr. Carrel has not provided testimony as an expert in the last four years.

1

6. Dr. Carrel is being compensated at a rate of $600.00 per hour for her expert review of medical records.

Dated: New York, New York
       November 24, 2021

>                                         Yours, etc.
>
>                                         *[signature]*
>                                         Caitlin Robin, Esq
>                                         Caitlin Robin & Associates, PLLC
>                                         *Attorneys for Plaintiff*
>                                         DAVID MCCANE
>                                         30 Broad Street, Suite 702
>                                         New York, NY 10004
>                                         (646) 524-6026
>                                         Caitlin@robinandassociates.com

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
DAVID MCCANE,

                           Plaintiff,

               -against-

CORRECTION OFFICERS D. WILKOWSKI, MASUCCI, T.
BUNN, FLINCH, HILLMAN, AND SERGEANT
APPLEBERRY, In Their Individual Capacities

                           Defendants.
----------------------------------------------------------X

**EXPERT DISCLOSURE PURSUANT TO FRCP 26(A)(2)(B)**

Docket No: 18-CV-01489

I, Dr. Adina Carrel, D.M.D have been retained as an Expert Witness by Plaintiff. I hereby submit the following Expert Disclosure. I expect to testify as an Expert in the field of Dentistry, concerning pathology and related areas as well as to any and all sequelae related thereto as it relates to Plaintiff's injuries resulting from the incident of January 13, 2018.

In addition to presenting my preliminary opinions, and the basis for those opinions, this report includes other disclosures required by FRCP section 26(1)(2)(B).

## I.  FACTS AND DATA CONSIDERED

### a. Plaintiff's Narrative of Medical History and Mode of Current Injury

1. Prior to rendering any opinion, on November 3, 2021, at 2:00 P.M, I had the opportunity to examine Mr. David McCane, the Plaintiff in the instant action, via Webex video conference. I reviewed his medical records from DOCCS medical records, Erie County Medical Center medical records, Erie County Medical Center Radiology records, Use of Force and Unusual Incident Report from the Department of Corrections, Mohawk Correctional Facility Radiology

3

records, St. Elizabeth Campus Mohawk Valley Health System Radiology Records as well as the videotape of the assault and photographs of his injuries.

2.      David McCane reported that on January 13, 2018, at approximately 6:35 P.M, while he was incarcerated at Gowanda Correctional Facility in the custody of DOCCS, he was subjected to excessive force and was assaulted by several Defendant officers. The Defendant officers struck him in the back of the head slamming his face into the wall and continued to assault him even after he had lost consciousness and collapsed to the floor. When he regained consciousness on the floor, the Defendant officers were repeatedly striking him. Following the assault, at approximately 7:25 P.M, David McCane was examined by DOCCS medical staff at his cell. The medical staff noted blood on his tongue as well as teeth fractures. David McCane was then examined by an Erie County Medical Center physician via 'telemed' conference who instructed him to be transported to their facility for further evaluation. Medical staff at Erie County Medical Center noted that David McCane could not open his jaw and he was visibly deformed. They also noted swelling to his eyes and ordered a CT scan of his head. Following the CT scan, Erie County Medical Center doctors diagnosed Plaintiff with facial fractures to the left lamina papyracea and left lateral orbital floor of his left eye. They also re-examined his jaw and mouth noting a laceration to his tongue and swelling.

3.      David McCane related that he currently suffers from orbit pain, fractured teeth, mouth infections, blurry vision in his left eye, a permanent scar on his tongue, pain on his tongue, trismus, and issues with muscle mastication that is affecting his eating.

### b. Document Review

4. In addition to taking a medical history from Plaintiff, I also reviewed his medical records from DOCCS, Erie County Medical Center, his Use of Force and Unusual Incident Report from the Department of Corrections, Erie County Medical Center Radiology records, Mohawk Correctional Facility Radiology records, St. Elizabeth Campus Mohawk Valley Health System Radiology records as well as the videotape of the assault and photographs of his injuries. My review of the records corroborated with the injuries the Plaintiff suffered from the assault.

### C. Examination of the Plaintiff

5. The examination revealed the Plaintiff to be a 31-year-old male, who is suffering from the aftermath of an assault that took place at Gowanda Correctional Facility on January 13, 2018 at approximately 6:35 P.M.

6. Upon examination, the Plaintiff complained of headaches, pain to all his upper teeth and jaw, and inability to chew well. I also observed that the plaintiff showed signs of TMJ which may be due to the facial trauma.

### II. OPINIONS AND REASONS THEREFOR

7. It is in my opinion, based upon a reasonable degree of medical certainty, that the Plaintiff suffers from the following dental issues:

    a. Missing all molars and premolars on the upper arch _except_ for the following: #3,6,7,8,9,10,11 and 14

    b. Large carious lesions on tooth #3, 7, and 14

    c. Tooth #7 has periapical radiolucency which means the tooth is non-vital and will require root canal treatment followed by a post and crown

      d.    Central incisors #8 and #9 sustained trauma that will require crowns or veneers. If the teeth become symptomatic in the future, they will require root canals, posts, and crowns.

      e.    Tooth #3 and #14 have large carious lesions that extend to the pulp and bothmolars will require root canal, post, and crowns

8.    With respect to the x-rays taken on November 12, 2021 at St. Elizabeth Campus Mohawk Valley Health System the following was observed:

      a.    The Plaintiff has received dental treatment which has comprised the bridgework on tooth #6-#11; it is ill-fitting and there is recurrent decay around abutment crown #7; proper bridgework would help strengthen these teeth as they suffered substantial trauma.

      b.    The Periapical infection on tooth #7 has not been addressed and the infection is still present

      c.    Periapical radiolucency around tooth #8 which may indicate an infection and require root canal treatment, post and crown.

      d.    Substantial decay and infection on tooth #3 and #14 which will require root canal treatment and crowns.

9.    While it appears that the Plaintiff has received partial dental treatment, none of the major complaints have been addressed namely the infections present on #3, #7 and #14.

10.    The root canal on tooth #7 was not performed in a timely manner causing the infection to get larger and may have spread to tooth #8.

11. It is in my opinion, within a reasonable degree of medical certainty, that the plaintiff is still in considerable pain at present time and there is now a risk of infection spreading to his adjacent teeth.

12. It is in my opinion, within a reasonable degree of medical certainty, that the plaintiff will require the following treatments to be performed

    a. Removal of the ill-fitting bridge and replacing the crowns on tooth #6,7,8, 9,10,11

    b. Root canal treatment on tooth #7 and #8

    c. Pulp vitality testing of all adjacent teeth to determine if they will also require root canal therapy

    d. Assess mobility of tooth #6,7,8,9,10,11

    e. Root canal treatment followed by post and crowns to tooth #3 and #14

    f. Fabrication of a partial upper denture or evaluation for implants in order to improve mastication and decrease TMJ symptoms

13. Root canal treatments are not always 100% successful and it is in my opinion, within a reasonable degree of medical certainty that due to the blunt trauma, and the delay in endodontic treatment of tooth #3, 7, and 14, the remaining maxillary teeth may undergo what is known as internal or external resorption and in such cases the teeth are usually not salvageable.

14. It is in my opinion, within a reasonable degree of medical certainty, that the prognosis of the traumatized maxillary teeth is guarded and there may be a need for implants in the future if these teeth become loose, infected or suffer resportion.

7

15. It is in my opinion, within a reasonable degree of medical certainty that Plaintiff undergo a TMJ evaluation involving CT scans to evaluate the TMJ joint as he continues to have jaw pain and headaches as a result of the attack.

16. It is my opinion, within a reasonable degree of medical certainty that these injuries are causally related to the assault and the need for future treatment is a result of plaintiff's injuries from the assault.

### III. ESTIMATE FOR TREATMENT

17. An estimate to correct the existing dental treatment will be as follows:

    a. Root Canal Treatment of tooth #3, 7, 14 and possible #8 or any additional teeth if they turn non-vital: $2,000 - $2,500 per tooth.

    b. Post and core treatment: $500 per tooth (necessary after root canal treatment)

    c. Crowns on tooth #3, 6,7,8,9,10,11 and 14: $2,000 -$3,000 per tooth

    d. Partial upper denture: $2,500 - $4,000

18. All successful root canals have a life span of 5-7 years so Plaintiff will require to have crowns replaced every 5-7 years

19. If the root canal fails, or if there are any internal or external resportion as a result of the trauma, the following will be necessary:

    a. 4 Minimum implants on the maxilla: $2,500-$3,500 per implant

    b. 4 Implant abutments: $1,000 - $1,500 per implants

    c. Overdenture: $5,000-$7,500

20. All overdentures have a life span of about 5 years and will require replacement every 5 years.

21. Plaintiff's future total estimated dental expenses are approximately $65,000.00.

### IV. Qualifications

22. I am a physician duly licensed in the State of New York. I graduated from Harvard School of Dental Medicine, completed my general practice residency at the Harvard-wide Brigham and Women's Hospital. I am a member of the American Dental Association, New York State Dental Association and New York County Dental Society. I am a fellow of the International Academy for Dental Facial Esthetics.

23. I have also attached my most recent Curriculum Vitae.

### V. PRIOR TESTIMONY

24. I have not provided testimony as an expert witness within the last four years.

### VI. COMPENSTATION DISCLOSURE

25. I, Dr. Adina Carrel, D.M.D am being compensated for the work that I performed in examining the Plaintiff and in preparation of this report. I am being compensated at a rate of $600.00 per hour. This compensation is unrelated to any outcome in this matter.

Dated: New York, New York
November 24, 2021

Adina Carrel, D.M.D

9

# ADINA CARREL D.M.D., P.C.
# 630 Fifth Ave, Suite 1862
# New York, N.Y. 10111
# (646) 682-9308

**PROFESSIONAL HISTORY**

ADINA CARREL DMD, PC: October 2012- Present
630 Fifth Ave, NY, NY 10111
General and Cosmetic Dentistry- Performing all phases of dentistry: Restorative, Prosthodontic, Cosmetic, Endodontic, Periodontal and Minor Oral Surgical Procedures.

MANHATTAN DENTAL ARTS: June 2004- October 2012
1995 Broadway, NY, NY 10023
General and Cosmetic Dentistry- Performed all phases of dentistry in a private dental office setting.

DR. ANDREW SCHMID AND ASSOCIATES: December 1995- June 2004
21 E 40th Street, NY, NY 10016
General and Cosmetic Dentistry- Performed all phases of dentistry in a private dental office setting.

**EDUCATIONAL HISTORY**

BRIGHAM AND WOMEN'S HARVARDWIDE GENERAL PRACTICE RESIDENCY: June 1994- June 1995
General Practice Residency- Performed all phases of dentistry with clinical rotations at Massachusetts General Hospital, Beth Israel Hospital and Brigham and Women's Hospital.

HARVARD SCHOOL OF DENTAL MEDICINE: September 1990- June 1995
Degree: Doctorate of Medical Dentistry

ST. JOHN'S UNIVERSITY: September 1986- June 1990
Degree: Bachelor of Science

**ASSOCIATIONS AND MEMBERSHIPS**

American Dental Association- Member
New York State Dental Association- Member
New York County Dental Society- Member
International Academy For Dental Facial Esthetics- Fellow
American Academy of Aesthetic Dentistry- Merit award 1995
Dental Lifeline Network- Volunteer Dentist providing dental services to the handicapped and underserved
Operation Smile- Volunteer dentist