UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DAVID MCCANE,

        Plaintiff,

    v.

CORRECTION OFFICER D. WILKOSWKI,
CORRECTION OFFICER MASUCCI, and
CORRECTION OFFICER T. BUNN,
*in their individual capacities*,

        Defendants.

_____

**ORDER**

1:18-CV-01489 EAW

       The following Order memorializes the rulings of the Court in connection with the parties' motions *in limine*. Although the Court initially indicated during the telephonic conference on May 7, 2024, that it did not intend to issue a written Order confirming the Court's rulings, on further reflection it seems appropriate to do so. The reasoning for the Court's rulings is articulated on the record at the appearances on April 15, 2024, and May 7, 2024. In addition, the Court has allowed for further briefing on the admissibility of the issues concerning Defendants' discipline and the issues raised in defendant Wilkowski's filing at Docket 132, pages 7-12. Accordingly, certain issues remain outstanding and, like all *in limine* rulings, they are subject to change. *See Palmieri v. Defaria*, 88 F.3d 136, 139 (2d Cir. 1996) (A motion *in limine* ruling "is subject to change when the case unfolds. . . . Indeed even if nothing unexpected happens at trial, the district judge is free, in the exercise

of sound judicial discretion, to alter a previous *in limine* ruling." (quoting *Luce v. United States*, 469 U.S. 38, 41-42 (1984)).

Subject to the above, the Court's rulings to date have been as follows:

1. Plaintiff's Consent Motion for Remote Testimony & Electronic Devices by David McCane (Dkt. 98):  Granted for reasons discussed on the record on April 15, 2024.

2. Defendant Masucci's Motion in Limine (Dkt. 100):

A. Granted request to preclude reference to New York State's payment of costs and attorneys' fees in the defense of this lawsuit, and New York State's potential payment of any damages awarded to Plaintiff in this lawsuit in the event Plaintiff prevails, subject to renewal of New York State's potential indemnification during potential punitive damages phase of trial.

B. Granted in part and denied in part issues with respect to employment-related discipline of Defendants concerning the incident in question.  Specifically, as indicated at the appearance on May 7, 2024, the Court will allow cross-examination pursuant to Federal Rule of Evidence 608 of any sustained[1] findings of untruthfulness on the charges in the Notice of Discipline,[2] and the Court will also allow testimony concerning

---

[1] By "sustained" the Court is referencing the Opinion and Award of Arbitrator Timothy S. Taylor, Esq., pertaining to Defendant Wilkowski dated January 28, 2019, and the Opinion and Award of the Arbitrator Taylor pertaining to Defendant Masucci dated January 30, 2019.

[2] Based on Plaintiff's requests as set forth in his filing at docket 126, this would encompass the charges in paragraphs 3, 4, and 6 (A and B inclusive) of the Notice of Discipline dated February 6, 2018, pertaining to Defendant Wilkowski, and charges 2 and

the ultimate punishment imposed with respect to Defendant Masucci and Defendant Wilkowski, but otherwise evidence and testimony concerning discipline related to this incident will not be admitted. Specifically, Plaintiff has indicated that he seeks to introduce into evidence the Notices of Discipline (*see* Dkt. 126-1; Dkt. 126-2) and the Office of Special Investigations Report (*see* Dkt. 126-3), and the Court denies those requests, primarily due to hearsay concerns and based on Federal Rule of Evidence 403, subject to further briefing as indicated above.

   3. Defendant Masucci's Motion in Limine (Dkt. 105):  Granted in part and denied in part, as indicated in paragraph 2(B) above.

   4. Defendant Wilkowski's Motion in Limine (Dkt. 104):

     A. Granted in part and denied in part motion to admit evidence of Plaintiff's inmate disciplinary record for reasons stated on the record on April 15, 2024. Specifically, the fact that Plaintiff had lost his recreational privileges on the date of the incident is admissible, and Plaintiff may be cross-examined pursuant to Federal Rule of Evidence 608 concerning the July 2017 falsification of records discipline and October 2016 smuggling discipline.

     B. Granted in part and denied in part motion to admit evidence of Plaintiff's prior criminal convictions pursuant to Federal Rule of Evidence 609, for reasons

---

4 (D only) of the Notice of Discipline dated February 6, 2018, pertaining to Defendant Masucci. Consistent with Plaintiff's position, no discipline will be introduced through Rule 608 or otherwise pertaining to Defendant Bunn.

stated on the record on April 15, 2024. Specifically, Plaintiff may be cross-examined on the essential facts of conviction (*i.e.*, the statutory name of the conviction, the date of conviction, and the sentence imposed) for those convictions in February 2014 (violation of Penal Law § 220.09(1)), September 2019 (violation of Penal Law § 220.09(1)), and January 2020 (violation of Penal Law § 220.16(1)).

        C.    Granted in part and denied in part motion concerning discipline of Defendants, as indicated in paragraph 2(B) above.

        D.    Denied for reasons stated on the record on April 15, 2024, motion to preclude in its entirety testimony of Plaintiff's expert witnesses.

        E.    Denied for reasons stated on the record on April 15, 2024, motion to limit specific reference to monetary amount sought by Plaintiff in closing argument. The Court will provide cautionary instructions before closing and as part of final instructions, and Plaintiff's counsel must disclose amount that will be referenced during charge conference.

5.    Plaintiff's Letter filed in Response to Pre-Trial Conference held April 15, 2024:

        A.    Granted in part and denied in part requests to admit evidence concerning discipline of Defendants Masucci and Wilkowski related to this incident, as indicated in paragraph 2(B) above.

        B.    Denied request to provide jury instruction concerning assault, for reasons stated on the record on May 7, 2024.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:      May 8, 2024
            Rochester, New York